IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2267-FL

| | |
|---|---|
| JAMAL KAREEM STOKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JOHN SAPPER, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon respondent's motion for summary judgment (DE # 10). Petitioner timely responded, and respondent filed a reply. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On March 23, 2006, in Wake County Superior Court, petitioner was convicted of first-degree murder, and sentenced to life imprisonment without parole. State v. Stokes, 188 N.C. App. 167, 654 S.E. 2d 834, 2008 WL 132001, at *1 (2008) (unpublished table decision). Following his conviction, petitioner filed a direct appeal to the North Carolina Court of Appeals. Id. On January 15, 2008, the court of appeals issued an order finding no error. Id.

On March 26, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in Wake County Superior Court.[1] The superior court denied petitioner's MAR on June 3, 2010. In the

---

[1] Petitioner's MAR was filed on April 2, 2009, but dated March 26, 2009. Providing petitioner the benefit of the mailbox rule, the court will use the earlier date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

interim, on May 11, 2009, petitioner filed a *pro se* petition for a writ of habeas corpus in the North Carolina Supreme Court, which was denied on May 12, 2009. On July 9, 2009, petitioner filed a MAR amendment in the Wake County Superior Court, which was summarily denied on September 17, 2009.

On February 5, 2010, petitioner filed a *pro se* motion for an evidentiary hearing in Wake County Superior Court. Petitioner's motion for an evidentiary hearing was denied on March 16, 2010. On March 22, 2010, petitioner filed a *pro se* motion for an evidentiary hearing and MAR in the superior court, both of which were denied on April 29, 2010. On May 24, 2010, petitioner filed a *pro se* petition for a writ of mandamus in the North Carolina Court of Appeals, which was denied on June 10, 2010. Petitioner then filed a *pro se* petition for a writ of certiorari, seeking review of the denial of his MAR, in the North Carolina Court of Appeals on November 24, 2010. The court of appeals dismissed petitioner's certiorari petition on December 14, 2010.

On December 22, 2010,[2] respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges a number of ineffective assistance of counsel claims. Specifically, petitioner contends that (1) his counsel failed to file a motion to suppress; (2) his counsel failed to raise an objection pursuant to Batson v. Kentucky, 476 U.S. 90 (1986); and (3) his counsel failed to request a fingerprint expert. On February 24, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Alternatively, respondent argues that the petition is without merit. The motion for summary judgment was fully briefed.

---

[2] Again providing petitioner the benefit of the mailbox rule, the court deems his petition, which was dated December 22, 2010, but not filed until December 28, 2010, as having been filed on the earlier of the two dates. See Houston, 487 U.S. at 276.

# DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent argues that petitioner's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on January 15, 2008. Petitioner then had thirty-five (35) days, until February 19, 2008, to file a notice of appeal and/or petition for discretionary review with the North Carolina Supreme Court. See N.C. R. App. P. 14(a) (notice of appeal must be filed within fifteen (15) days after issuance of mandate by court of appeals); 15(b) (providing same time period for filing petition for discretionary review); 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). "[I]f still unsuccessful [in the North Carolina Supreme Court], [a North Carolina defendant] has another 90 days to seek certiorari from the United States Supreme Court." Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 599 (M.D.N.C. 2004), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005) (unpublished).

Although petitioner did not file a petition for discretionary review, he asserts that his conviction did not become final for an additional ninety (90) days in which he had to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner relies on Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002), in which the Fourth Circuit stated that "[i]f no petition for writ of certiorari is filed in the United States Supreme court, then the limitation period beings running when the time for doing so – 90 days – has elapsed." But where a habeas petitioner did not pursue review after an intermediate state court's judgment, several circuit courts have held that he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United State Supreme Court. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008); Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1297-1300 (11th Cir. 2006).

The Fourth Circuit has not squarely addressed the issue, although it has suggested in dicta that it has taken into account the additional ninety (90) day period when calculating the finality of

4

a conviction, regardless of whether the petitioner files an appeal or seeks discretionary review in the highest state court. See, e.g., Smith v. Woodard, 57 F. App'x 167, 167 n.* (4th Cir. 2008) (unpublished). But this court is not bound by Fourth Circuit dicta or unpublished opinions, and it concludes that the circuit courts that have addressed the issue have correctly held that where a petitioner does not pursue his direct appeal to the state's highest court, even if that court's review is discretionary, his conviction becomes "final" when the time for seeking review in the state's highest court expires. See Butler, 533 F.3d at 517. This conclusion is supported by the plain language of the Supreme Court's own rules, which measures the 90-day period from the date the state's *highest court* files its judgment or denies discretionary review. See Sup. Ct. R. 13(1); see also Riddle, 523 F.3d at 855 (quoting Gorman v. Washington Univ., 316 U.S. 98, 100-01 (1942) for the proposition that the United States Supreme Court does not consider cases from intermediate state courts until "all the possibilities afforded by state procedure for its review by all state tribunals have been exhausted").

Based on this interpretation of § 2244(d)(1), petitioner's conviction became final on February 19, 2008, when he failed to appeal or seek discretionary review before the North Carolina Supreme Court. The one-year limitation period ran for three hundred sixty-five (365) days until it expired on February 19, 2009. Petitioner did not file his MAR until March 26, 2009, after the expiration of the statutory period. Although the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000). Thus, petitioner is not entitled to statutory tolling after the statutory period expired, and petitioner further concedes

5

that he is not entitled to equitable tolling. As already noted, the instant petition was filed December 28, 2010, after the statutory period had expired.

For the reasons set forth above, this court concludes that petitioner's action is time-barred under § 2244(d). Accordingly, defendant's motion for summary judgment is GRANTED.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484).

Although petitioner may be able to make the second showing required by Rose, insofar as the Fourth Circuit has not explicitly spoken to the limitations issue addressed in this order and in fact has suggested in dicta that it might come to a contrary conclusion, he has not put forward any valid claim of denial of a constitutional right. As respondent notes in that part of his memorandum setting forth an alternative argument on the merits of petitioner's claims, petitioner's various allegations of ineffective assistance were either adequately addressed by the state courts, not raised before the state courts, or conclusory. These allegations are inadequate to warrant encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 10) is GRANTED. The petition for writ of habeas corpus (DE # 1) is DENIED. A certificate of appealability is also DENIED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge